# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>SANDWICH ISLANDS<br>DISTILLING CORPORATION, A<br>HAWAIIAN CORPORATION<br><br>      Debtor. | Case No. 07-01029<br>Chapter 7<br><br>Re: Docket No. 160 |

## MEMORANDUM OF DECISION ON MOTION TO COMPEL DEBTOR TO COMPLY WITH RULE 2004 ORDER AND SUBPOENA

On May 22, 2009, Kolani Distillers, LLC ("Kolani"), filed a motion to compel debtor Sandwich Islands Distilling Corporation ("SIDC") to produce certain emails which SIDC claimed were privileged. An order of July 24, 2009 (docket no. 171) required SIDC to submit the emails for an in camera review. SIDC complied on July 30, 2009, and I have conducted the in camera review.

Kolani and SIDC were parties to a failed attempt to produce distilled spirits. Kolani and SIDC participated in an arbitration of their differences. SIDC filed a bankruptcy case after the arbitrators made important rulings against SIDC. Kolani has employed Fed. R. Bankr. P. 2004 to investigate whether, prior to SIDC's bankruptcy filing, SIDC transferred assets to related people and companies, including Hawaiian Islands Spirits, Inc. ("HIS").

The court conducted a teleconference on September 1, 2009 regarding whether state law or federal common law applies to the "common interest" privilege. The parties have submitted memoranda on this issue (docket nos. 183, 184).

I.

Choice of law is the first issue. Under Fed. R. Evid. 501, federal law governs privileges, except "in civil actions and proceedings, with respect to an element of a claim or defense as to which State law supplies the rule of decision," in which case the applicable state law of privilege controls.

With one important exception, the federal and Hawaii versions of the attorney-client privilege are the same in all material respects. The exception is the "common interest" doctrine, which I will discuss below.

II.

Kolani does not dispute that SIDC has satisfied most of the elements of the privilege. My in camera review has confirmed that, except for the emails discussed in sections III and V below, the disputed emails were confidential communications, made for the purpose of facilitating the rendition of professional legal services to the client, between a lawyer (or a lawyer's representative) and the client (or the client's representative or representatives). Haw. R. Evid. 503(b); U.S. v. Austin,

U.S. Bankruptcy Court - Hawaii   #07-01029   Dkt # 187   Filed 09/21/09   Page 2 of 8

416 F.3d 1016, 1021 (9th Cir. 2005).

III.

Most of the emails consist of chains, some of the links of which are not privileged. For example, pages A00003-05 consist of a chain of four or five emails, only the last of which is privileged. Because I have seen only the documents that SIDC has withheld, I cannot tell whether the unprivileged links in the chain have been produced separately. Therefore, I will direct SIDC's counsel to review the documents submitted for in camera inspection and promptly produce any unprivileged links in email chains that have not already been produced.

IV.

Kolani argues that the so-called "crime-fraud" exception to the attorney-client privilege applies. Under federal law, Kolani bears the burden of making a *prima facie* showing that "the client was engaged in criminal or fraudulent conduct when he sought the advice of counsel, that he was planning such conduct when he sought the advice of counsel, or that he committed a crime or fraud subsequent to receiving the benefit of counsel's advice," and that "the attorney's assistance was obtained in furtherance of the criminal or fraudulent activity or was closely related to it." In re Grand Jury Investigation (Schroeder), 842 F.2d 1223, 1226 (11th Cir. 1987).

3

Kolani has not carried its burden, and my in camera inspection of the emails confirmed that the federal crime-fraud exception does not apply. The disputed emails were sent after commencement of this bankruptcy case. Although Kolani alleges that SIDC and others fraudulently transferred SIDC's assets prior to the bankruptcy case, there is no allegation, let alone proof, of any post-petition wrongdoing. Similarly, there is no evidence that these emails to and from attorneys furthered or were closely related to the alleged fraud.

Similarly, Haw. R. Evid. 503(d) provides that there is no privilege "if the services of the lawyer were sought, obtained, or used to enable or aid anyone to commit or plan to commit what the client knew or reasonably should have known to be a crime or fraud," or "as to a communication reflecting the client's intent to commit a criminal or fraudulent act that the lawyer reasonably believes is likely to result in death or substantial bodily harm, or in substantial injury to the financial interests or property of another." None of the disputed emails fall within either of the Hawaii crime-fraud exceptions.

V.

Some of the emails were sent to or by an attorney representing HIS, the alleged recipient of the transfers from SIDC about which Kolani complains. SIDC contends that the emails are covered by the "common interest" extension of the

U.S. Bankruptcy Court - Hawaii   #07-01029   Dkt # 187   Filed 09/21/09   Page 4 of 8

attorney-client privilege.

Under federal law, communications among multiple parties and their attorneys are privileged if the parties share a common interest in a litigated or nonlitigated matter, including prospective litigation, the parties agree to exchange information about the matter, and the communications relate to the matter. Restatement (Third) of the Law Governing Lawyers § 76; Waller v. Financial Corp. of America, 828 F.2d 579, 583 n. 7 (9th Cir. 1987); U.S. v. Zolin, 809 F.2d 1411, 1417 (9th Cir. 1987).

The Hawaii version of the common interest rule is substantially narrower than the federal version. Under Haw. R. Evid. 503(b)(3), communications among multiple parties and their attorneys are privileged if the parties share a common interest in a "pending action" and the communications concern "a matter of common interest." Under Hawaii law, contrary to federal common law, the joint litigant common interest privilege is limited to co-parties and their counsel in pending litigation. Pre-litigation communications among multiple parties and their counsel are not privileged. Boston Auction Co. v. Western Farm Credit Bank, 925 F.Supp. 1478, 1481 (D. Haw. 1996); 1-5 Hawaii Rules of Evidence § 503-3 (2009).

SIDC argues that the federal common interest rule applies because

5

bankruptcy is a federal proceeding and courts have held that an examination under Fed. Bankr. R. 2004 is governed by federal law and not state substantive law. Kolani argues that Hawaii law applies to the common interest privilege because the underlying claim deals with breach of the contract between Kolani and SIDC, which is governed by Hawaii contract law.

The federal version of the common interest rule would protect the communications between SIDC and HIS. Kolani alleges that SIDC's assets were wrongfully transferred to HIS and that HIS and certain people and companies connected with SIDC and HIS are liable. All of the emails which HIS's attorney sent or received were intended to further the common interest of SIDC, HIS, and the individuals in resisting Kolani's asserted and prospective claims.

The Hawaii version of the common interest rule would not protect the communications between SIDC and HIS. HIS and SIDC share a common interest but HIS is not a party to any pending litigation. The privilege under Haw. Rev. Stat. § 503(b)(3) does not apply to the threat of lawsuit or to pre-litigation matters. Boston Auction Co., 925 F. Supp. 1478 at 1482-3. The federal version of the common interest rule applies at this stage of the case. The majority rule is that federal law governs privilege questions arising in examinations under Fed. R. Bankr. P. 2004.

6

> An examination under Bankruptcy Rule 2004 is nonadversarial in nature and aimed at discovering evidence upon which future causes of action may be based and is therefore governed by bankruptcy law rather than state substantive law. Thus if a subpoena is issued in connection with a Rule 2004 examination, federal common law rules of privilege will apply.

Dynamic Finance Corp. v. Kipperman (In re North Plaza, LLC), 395 B.R. 113, 122 (S.D. Cal. 2008); see also In re Global Crossing, Ltd., 322 B.R. 247, 254-5 (Bankr. S.D.N.Y. 2005).

Some or all of the claims which Kolani is investigating may rest upon state law. If Kolani files an action asserting only state law claims, SIDC and HIS would be limited to the Hawaii version of the common interest doctrine. At this point, however, because the only pending proceeding is a rule 2004 examination, and because there is no certainty that Kolani will assert only state law claims, the federal law of privilege applies.

VI.

SIDC relies upon a Joint Defense Privilege, Confidentiality, and Reservation of Rights Agreement. Kolani points out that, although the preamble to the agreement states that SIDC is a party, there is no signature block for or signature of SIDC. This omission is not determinative. A formal written agreement is neither necessary nor sufficient to establish that the common interest privilege applies.

7

U.S. Bankruptcy Court - Hawaii   #07-01029   Dkt # 187   Filed 09/21/09   Page 7 of 8

VII.

Both sides argue that the other side should pay fees and costs. Having reviewed the privilege log and the documents for which privilege is claimed, I conclude that both sides have acted in good faith and that no sanctions are warranted.

/s/ Robert J. Faris
United States Bankruptcy Judge
Dated: 09/21/2009