UNITED STATES BANKRUPTCY COURT

DISTRICT OF HAWAII

| In re | Case No. 07-01029 |
|---|---|
| | Chapter 7 |
| **SANDWICH ISLANDS DISTILLING CORPORATION,** a Hawaiian corporation, | Re: Docket No. 141 |
| Debtor. | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING OBJECTION TO CLAIM OF KOLANI DISTILLERS, LLC

Trial on objection to claim number five of Kolani Distillers, LLC ("Kolani") was held on October 13 and 14, 2009. Chuck Choi and Neil Verbrugge represented objecting creditor Legacy Brands LLC and Miriah Holden represented objecting creditor Stephen F. Thompson (collectively the "Objectors"). Ted Pettit represented creditor Kolani. Based on the evidence, I make the following

### FINDINGS OF FACT

1. On February 1, 2003, debtor Sandwich Islands Distilling Corporation (the "Debtor") and Kolani entered into a "Distilled Spirits Production Services Agreement" (the "Agreement").

2. Under the Agreement, Kolani agreed to produce and the Debtor agreed to buy "Hana Bay" brand rum and a traditional Hawaiian spirit called okolehao (the "Products").

3. Kolani promised to construct a distillery and distill, bottle, and label the Products ordered by the Debtor. The Debtor agreed to buy all of its requirements of the Products exclusively from Kolani.

4. The Agreement specifies the price per case and the minimum quantity to be purchased of the Hana Bay rum. The parties agreed on a minimum quantity of okolehao but did not agree upon a price.

5. Disputes arose about the parties' performance under the Agreement. Pursuant to the Agreement, the parties submitted their dispute to arbitration.

6. The arbitrators found that Kolani performed its obligations under the Agreement and that the Debtor breached the Agreement. The arbitrators chose a specific performance remedy; they ordered the Debtor to carry out specific tasks by certain dates and imposed monetary sanctions for noncompliance. The Debtor failed to complete most of the tasks on time and failed to pay the sanctions.

7. The Debtor filed its voluntary petition for relief under Chapter 7 of the Bankruptcy Code on October 2, 2007.

8. Kolani timely filed its proof of claim in the amount of $1,775,410.94. The proof of claim asserts the following claims:

    a. Lost revenues due to the Debtor's nonperformance under the Agreement ($1,302,104.26).
    b. Lost use of customer supplied equipment ($365,384.20).
    c. Unpaid sanctions ($80,000).

U.S. Bankruptcy Court - Hawaii   #07-01029   Dkt # 215   Filed 11/12/09   Page 2 of 16

    d. Reimbursement of Cemcorp Trip to Maui in November 2003 to inspect SIDC tanks ($5,560.88).
    e. Reimbursement for Cyclo Hawaii attempted gauging of bad flow meters supplied by SIDC in May 2005 ($1,825.83).
    f. Reimbursement for one-half of Sampson Process Engineering Company living expenses connected with stainless steel welding equipment ($6,841.23).
    g. Reimbursement for work associated with registration of private label faces, necks, backs and formulae with TTB, attempted registrations, and attempted formula submissions of okolehao ($2,375.00).
    h. Rental of SkyTrak equipment to move and install SIDC tanks on Kolani production floor ($3,172.31).
    i. Labor for installation and bottling tanks to Kolani production floor ($425.00).
    j. Labor and gauging SIDC site glass boards ($2,670.00).
    k. One half of contract fees for production of 1643 cases of mixed 750/1000 ml cases ($5,052.23).

Kolani also sought attorneys' fees and costs.

  9. During trial, the Objectors withdrew their objection to items (d) through (g) and (i) through (k) above. The only claims left for this court to decide are claims (a), (b), (c), and (h), and Kolani's claim for attorneys' fees and costs.

  10. As a direct, proximate, and reasonably foreseeable consequence of the Debtor's breach of the Agreement, Kolani suffered damages. These damages include the amount which the Debtor was obligated to pay Kolani for the Products (the expected quantity of sales multiplied by the contractual price per unit) during the five year term of the Agreement minus any costs which Kolani avoided because it did not have to produce the Products.

U.S. Bankruptcy Court - Hawaii #07-01029 Dkt # 215 Filed 11/12/09 Page 3 of 16

11. Under the Agreement, Kolani agreed to sell to the Debtor, and the Debtor agreed to purchase from Kolani, all of the Hana Bay rum which the Debtor required. Based on the Debtor's track record of sales of Hana Bay rum, the parties reasonably expected that the Debtor would purchase 28,863 cases of Hana Bay rum each year. The price of each case varied depending on the type of Hana Bay rum and the bottle size. The average contract price for Hana Bay rum was $6.23 a case for the first year of the Agreement. The lost revenue to Kolani in the first year of the Agreement was therefore $179,960.66 (Exhibit 3.)

12. Kolani's variable cost to produce a case of Hana Bay rum is forty five cents, or a total of $12,988.35 for the first year of the Agreement.

13. Kolani's fixed cost, or overhead, was $10,000.00 per month or $120,000.00 per year. After the Debtor defaulted in its obligations under the Agreement, Kolani substantially reduced its fixed costs, but there is no evidence of the exact amount of the reduced fixed costs. Kolani has not produced any other products. But for the Agreement, Kolani would have had no reason to incur any overhead or fixed costs. Kolani's fixed costs therefore should be treated as avoidable costs and subtracted from its expected revenues for purposes of computing Kolani's damages.

14. The Agreement provides that the price for the Products would

U.S. Bankruptcy Court - Hawaii   #07-01029   Dkt # 215   Filed 11/12/09   Page 4 of 16

increase annually based upon an inflation index. Kolani's proof of claim accurately computes the inflation adjustment to the expected revenues under the Agreement. It is reasonable to expect that Kolani's fixed and variable costs also would also have increased with inflation. Applying the same inflation index to the expenses (and rounding to the nearest penny) yields variable expenses per case of forty six cents in the second year of the Agreement, forty eight cents in the third year, forty nine cents in the fourth year, and fifty one cents in the fifth year. Adjusted in the same manner, Kolani's fixed costs are $120,000 per year in the first year, $123,240 per year in the second year, $127,430 in the third year, $131,508 in the fourth year, and $135,190 in the fifth year.

    15.    Kolani failed to prove the amount of damages sustained for loss of okolehao sales with sufficient certainty. The parties never agreed on a contract price per case nor did they agree on a quantity.

    16.    Under the Agreement, the Debtor promised to provide certain equipment (the Customer Supplied Equipment, or "CSE"), and Kolani was authorized to utilize the CSE for other production. As a direct, proximate, and reasonably foreseeable result of the Debtor's failure to deliver and install the CSE as the Agreement required, Kolani suffered damages in an amount equal to the lost use value of the CSE during the term of the Agreement.

5

U.S. Bankruptcy Court - Hawaii    #07-01029    Dkt # 215    Filed 11/12/09    Page 5 of 16

17. There is no market in Hawaii for rental of distilling equipment and the cost to ship such equipment from the mainland, and back to the mainland at the end of the lease, would be prohibitive.

18. Kolani calculates the use value of the CSE over the term of the Agreement as follows:

| | | |
|---|---|---|
| Cost of CSE + Installation (per the Debtor's books and records) | | $462,000.00 |
| Finance cost @ 8.25% interest for 60 months | + | $103,384.20 |
| Total cost of CSE | | $565,384.20 |
| Residual value after 5 years of use (based on actual sale of CSE in this bankruptcy case) | - | $200,000.00 |
| Use value of CSE | | $365,384.20 |

19. This approach to estimating the use value of the CSE is reasonable and accurate.

20. As a direct, proximate, and reasonably foreseeable consequence of the Debtor's failure to provide and install the CSE as the Agreement required, Kolani reasonably and necessarily incurred an out-of-pocket expense of $3,172.31 for the rental of SkyTrak equipment to move and install the Debtor's tanks in the distillery (claim no. h).

U.S. Bankruptcy Court - Hawaii   #07-01029   Dkt # 215   Filed 11/12/09   Page 6 of 16

Based on the foregoing findings of fact, I draw the following

## CONCLUSIONS OF LAW

**A.	Standing**

1.	The Debtor initially filed the objection to Kolani's claim (docket no. 141) and the Objectors joined in the objection (docket nos. 149, 150).

2.	Kolani argued that the Debtor had no standing to object to Kolani's claim. A chapter 7 debtor typically lacks standing to object to creditors' claims. Caserta v. Tobin, 175 B.R. 773, 774 (S.D. Fla. 1994). A chapter 7 debtor has standing only if the debtor retains a pecuniary interest in the bankruptcy estate. In this case, there are not nearly enough funds to pay the creditors' claims, so there will not be a surplus distributable to the Debtor. The Debtor has no other pecuniary interest in the case. Therefore, the Debtor lacks standing to object to Kolani's claims.

3.	The Objectors, as creditors and "parties in interest," have standing to object to Kolani's claim. Under 11 U.S.C. § 502, any "party in interest" may object to a claim or interest filed under § 501. A creditor is a "party in interest." While the trustee generally takes the lead in objecting to claims, the trustee's standing is not exclusive. There is no risk of inconsistent results because the court's first ruling on a particular claim has preclusive effect on all other "parties in

7

U.S. Bankruptcy Court - Hawaii   #07-01029   Dkt # 215   Filed 11/12/09   Page 7 of 16

interest" with respect to that claim.

### B. Liability

4. The Objectors do not dispute the Debtors' liability for breach of the Agreement and do not challenge the arbitrators' findings and orders. The sole issue left for decision is the measure of damages owed to Kolani.

### C. Preclusion

5. The Objectors argue that the arbitrators declined to grant money damages to Kolani and therefore Kolani's monetary claims are barred by the doctrine of preclusion.

6. Kolani's claim is not precluded because an unconfirmed arbitration award, such as the arbitrators' orders in this case, has no preclusive effect. Caldeira v. County of Kauai, 866 F.2d 1175, 1178 (9th Cir. 1989) ("an unreviewed arbitration decision does not preclude a federal court action").

7. Even if preclusion applied, Kolani could still maintain a monetary claim. The arbitrators awarded Kolani specific performance of the Agreement. In their First Partial Final Arbitration Award (exhibit 16, at 13-14), the arbitrators denied Kolani's requests for money damages "based on the current circumstances." This leaves open the possibility that the arbitrators would have awarded monetary damages under changed circumstances. If the Debtor had continued to defy the

8

U.S. Bankruptcy Court - Hawaii    #07-01029    Dkt # 215    Filed 11/12/09    Page 8 of 16

arbitrators' orders, the arbitrators probably would have awarded Kolani monetary damages as the only meaningful remedy.

8. In addition, for purposes of bankruptcy law, equitable remedies must be reduced to money terms. 11 U.S.C. § 101(5)(B).

### D. Contractual Damages Limitation

9. Section 13.01(a) of the Agreement states:

> EXCLUSION OF CONSEQUENTIAL DAMAGES. EXCEPT TO THE EXTENT OF A PARTY'S OBLIGATION TO INDEMNIFY PURSUANT TO ARTICLE XIV, TO THE MAXIMUM EXTENT PERMITTED BY APPLICABLE LAW, IN NO EVENT SHALL ANY PARTY OR ITS AFFILIATES BE LIABLE TO THE OTHER PARTY OR TO ANY THIRD PARTY FOR SPECIAL, INCIDENTAL, CONSEQUENTIAL OR PUNITIVE DAMAGES OF ANY NATURE (INCLUDING, WITHOUT LIMITATION, DAMAGES FOR LOSS OF BUSINESS OR PERSONAL PROFITS, BUSINESS INTERRUPTION, OR ANY OTHER PECUNIARY LOSS) ARISING OUT OF OR IN ANY WAY RELATED TO THE PARTIES' PERFORMANCE OR FAILURE TO PERFORM UNDER THIS AGREEMENT, WHETHER SUCH LIABILITY IS ASSERTED ON THE BASIS OF CONTRACT, TORT (INCLUDING NEGLIGENCE OR STRICT LIABILITY) OR OTHERWISE, EVEN IF THE OTHER PARTY (OR ITS AFFILIATES) HAS BEEN WARNED OF THE POSSIBILITY OF SUCH DAMAGES.

10. The Objectors argue that the monetary damages which Kolani claims are "lost profits" that the Agreement precludes. Kolani's monetary claims are

U.S. Bankruptcy Court - Hawaii   #07-01029   Dkt # 215   Filed 11/12/09   Page 9 of 16

traditional "benefit of the bargain" damages, not "lost profits" as that term is commonly used.

11. Further, the Objectors' interpretation would deprive Kolani of any meaningful remedy for the Debtor's breach of the Agreement. A sales contract must provide at least a minimally adequate remedy. Earl M. Jorgensen Co. v. Mark Constr., 56 Haw. 466, 477 (1975) (quoting H.R.S. § 490:2-719(2), cmt. 1). Although contractual modification or limitation of remedies is allowed, "[w]here circumstances cause an exclusive or limited remedy to fail of its essential purpose, remedy may be had as provided in [the U.C.C]." H.R.S. § 490:2-719(2). When a limited remedy fails, the damaged party is entitled to seek remedies under the standard U.C.C. provisions. Stoebner Motors, Inc. v. Automobili Lamborghini S.P.A., 2007 U.S. Dist. LEXIS 47095, 13-14 (D. Haw. June 28, 2007).

12. Kolani's specific performance remedy under the Agreement failed because the Debtor refused to comply with the arbitrators' orders. Jorgensen, 56 Haw. at 477-8 (limited remedies fail of their essential purpose when the party required to provide the remedy, by its action or inaction, causes the remedy to fail). Even assuming that the Objectors' interpretation of section 13.01(a) is correct, the limited remedy left to Kolani is not minimally adequate, and therefore the limitation on damages is unenforceable.

U.S. Bankruptcy Court - Hawaii   #07-01029   Dkt # 215   Filed 11/12/09   Page 10 of 16

### E. Calculation of Damages

13. Kolani is entitled to receive the benefit of the bargain under the Agreement. Kolani should be placed in the same position it would have been had the Debtor fully performed. "[A] basic precept of contract law is that a party who sustains a loss by the breach of another is entitled to compensation that will actually or as precisely as possible compensate the injured party." Hi Kai Inv. v. Aloha Futons & Waterbeds, 84 Haw. 75, 80-81, 929 P.2d 88, 93-94 (1996)(citations omitted).

14. The Debtor promised to purchase from Kolani all of its requirements of Hana Bay rum each year. To calculate Kolani's damages, it is appropriate to use the quantity which the parties expected to buy and sell (28,863 cases per year) rather than the lower minimum quantity specified by the Agreement (15,000 cases per year), because the Debtor was obligated to buy its entire requirement of Hana Bay rum from Kolani, not just the minimum quantity, and there was an established track record of the Debtor's requirements.

15. The Agreement set the price of Hana Bay rum per unit.

16. Kolani's calculation of damages adjusts the expected revenues of Hana Bay rum using the consumer price index over the five year term of the Agreement. This is consistent with section 8.01(b) of the Agreement, and the

11

Objectors do not challenge Kolani's calculations.

17. Kolani proved that its variable costs were forty five cents per case. The Objectors offered no contrary evidence. To calculate Kolani's loss correctly, however, one must also adjust Kolani's expenses based on inflation.

18. Benefit of the bargain damages are normally determined based on gross profits (profits minus variable expenses). In this case, it is appropriate to deduct Kolani's fixed costs as well. Because Kolani has never had any other customers, Kolani had no reason to incur overhead other than the Agreement. All of Kolani's overhead therefore should be treated as avoidable and subtracted from gross profits. <u>California Trucking Association v. Brother-Hood of Teamsters & Auto Truck Drivers, Local 70</u>, 679 F.2d 1275 (9th Cir. 1981) (fixed costs must be deducted from gross profit where the breach significantly reduces overhead or the non-breaching party is able to apply fixed costs in another profitable manner). Kolani's fixed costs must also be adjusted for inflation.

19. Kolani must prove its loss with reasonable certainty. <u>Uyemura v. Wick</u>, 57 Haw. 102, 111, 551 P.2d 171, 177 (1976). "The damages must be susceptible of ascertainment in some manner other than by mere speculation, conjecture, or surmise." <u>Id</u>.

20. Concerning Hana Bay rum, Kolani established its benefit of the

12

bargain damages with reasonable certainty. There was a set price and a known quantity of Hana Bay rum that the Debtor promised to buy, and the evidence of Kolani's production costs was uncontroverted.

21. Kolani did not prove the loss relating to the sale of okolehao with reasonable certainty. The Debtor estimated the quantity which it might require, but, unlike Hana Bay rum, those estimates were not based on a track record. Further, the parties never agreed on a price per unit. A "showing or conclusion founded upon mere speculation or guess" does not constitute "reasonable certainty." Kam Ctr. Specialty Corp. v. LWC IV Corp., 2007 Haw. LEXIS 283, *67 (Haw. Sept. 27, 2007).

22. Kolani's benefit of the bargain damages are $ 248,726.10 as calculated in exhibit A attached hereto.

### F. Sanctions Under the Interim Orders

23. The arbitrators sanctioned the Debtor for its failure to comply with the interim orders. Most of the sanctions were daily fines. The Debtor did not pay the sanctions. The parties disagree about the amount of the sanctions. Kolani claims that $80,000 is owed, while the Objectors claim that the amount is $68,500.

24. Part of the difference depends on whether the sanctions should accrue on the day of the bankruptcy petition. Consistent with the policies of the automatic

U.S. Bankruptcy Court - Hawaii    #07-01029    Dkt # 215    Filed 11/12/09    Page 13 of 16

stay, the daily fines should stop at the end of the day preceding the bankruptcy filing.

25. The remainder of the difference is attributable to the fact that the Objectors' calculation omits a sanction of $500 per day, from August 2 to August 22, 2007, for the Debtor's failure to timely provide a declaration that it was the sole and exclusive owner of all of the CSE. Because the Objectors have not explained why they did not include this sanction, I conclude that it should be allowed.

26. The total allowed amount of the sanctions is therefore $78,500.

### G. Expenses

27. Kolani proved with reasonable certainty that, as a direct, proximate, and foreseeable result of the Debtor's breach of the Agreement, Kolani incurred out-of-pocket expenses of $ 27,922.48 which the Debtor was required to bear under the Agreement.

### H. Attorneys' Fees

28. Kolani is not entitled to its attorneys fees and costs by virtue of section 19.15 of the Agreement.

## CONCLUSION

A separate judgment shall enter determining that:

U.S. Bankruptcy Court - Hawaii   #07-01029   Dkt # 215   Filed   11/12/09   Page 14 of 16

1. Kolani's nonpriority unsecured claim is allowed in the total amount of $ 720,532.78, consisting of:

    a. Benefit of the bargain damages for failure to purchase Products in the amount of $ 248,726.10;

    b. Damages based on loss of use of the CSE of $365,384.20;

    c. Unpaid sanctions of $78,500.00; and

    d. Out of pocket expenses of $ 27,922.48.

2. All other claims asserted by Kolani are disallowed.

/s/ Robert J. Faris
United States Bankruptcy Judge
Dated: 11/12/2009

# EXHIBIT A

# CALCULATION OF DAMAGES

| | 2003 | 2004 | 2005 | 2006 | 2007 | Total |
|---|---|---|---|---|---|---|
| Price Per Case | $6.23 | $6.42 | $6.61 | $6.81 | $7.02 | |
| Variable Cost Per Case | $0.45 | $0.46 | $0.48 | $0.49 | $0.51 | |
| Gross Profit Per Case | $5.78 | $5.96 | $6.13 | $6.32 | $6.51 | |
| Number of Cases | 28,863 | 28,863 | 28,863 | 28,863 | 28,863 | |
| Gross Profit | $166,828.14 | $172,023.48 | $176,930.19 | $182,414.16 | $187,898.13 | |
| Fixed Costs Per Year | $120,000.00 | $123,240.00 | $127,430.00 | $131,508.00 | $135,190.00 | |
| Damages | $46,828.14 | $48,783.48 | $49,500.19 | $50,906.16 | $52,708.13 | **$248,726.10** |